# COUNTY OF WALDO.

INHABITANTS OF FRANKFORT *versus* GEORGE WHITE *& al.*

The form of the warrant to be given by the selectmen or assessors to the collector of taxes is prescribed "in substance" by R. S., c. 14, § § 57, 58, and a warrant which in terms gives no authority to distrain or commit is defective.

A collector cannot be regarded as in fault for not collecting taxes committed to him for collection by such a warrant, and no recovery can be had upon his bond for failure to do so.

A clause in such defective warrant, purporting to extend to it the powers granted in a previous one to the same person in due form, would give no greater authority than would a similar reference to the section of the statute from which all power in the premises is derived. It would still be defective.

ON FACTS AGREED.

This was an action of covenant on the bond of a collector of taxes. The facts in the case appear in the opinion of the Court.

  *C. H. Pierce,* for plaintiff.

  *N. H. Hubbard,* for defendants.

APPLETON, J.—When a collector of taxes becomes incapacitated to perform the duties of his office, the assessors, in pursuance of the power conferred on them by R. S., c. 14, § 99, "may appoint some suitable person a collector to perfect such collection and grant *him a warrant for that purpose*."

It seems that Amos Weston, who had been chosen collector for the town of Frankfort, for the years 1847 and 1848, had failed to collect the taxes committed to him for collection. The assessors, under the provisions of § 99, proceeded to appoint the defendant White to perfect the collection of so much of the taxes as remained uncollected. The bond required by statute for the faithful performance of his duty as collector was given by him and is in suit in this action.

The form of the warrant to be issued by the selectmen or assessors for the collection of taxes, is prescribed " in substance" by the R. S., c. 14, § § 57 and 58. The warrant, dated July 17, 1849, which was for the collection of the taxes which Weston had neglected to collect, fails to comply in form or substance with the requisitions of these sections. It gives in terms no authority to distrain or to commit.

It is in proof that the defendant White was chosen collector for 1849, and that, on June 23 of that year, the assessors gave him a warrant in due form of law to collect the taxes of that year.

The warrant of July 17, 1849, contains this clause, " and the powers in our previous warrant, bearing date June 23, 1849, are extended to the foregoing list." It is insisted that these words gave the collector all the authority necessary to enable him to enforce the collection of the taxes which had previously been committed to Weston for that purpose.

The collector, by § 99, is appointed to perfect the collection of the taxes remaining uncollected, and the warrant is to be granted " for that purpose." The warrant of July 17 does not, directly nor by implication, appear to have been given " for that purpose." It is not, " in substance," according to the form prescribed in § 57. The authority contained in the warrant of June 23 is limited to the lists therewith commit-

ted. A reference thereto could give no greater authority than would a similar reference to the section of the statute from which all power in the premises is derived. The warrant of June 17 must be regarded as defective, as giving no authority to commit nor to distrain.

As the collector could not legally have enforced the collection of the taxes committed to him, he cannot be regarded as in fault for not collecting. *Plaintiffs nonsuit.*

TENNEY, C. J., and RICE and GOODENOW, J. J., concurred.